UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARIO L. POWELL**<br>            **Plaintiff;** | **CIVIL ACTION NO:** |
| **VERSUS** | **JUDGE:** |
| **THE CITY OF BATON ROUGE, JASON ACREE, ADRIEN THOMAS, DAVID BURTWELL, & MAURICE DUKE**<br>            **Defendants.** | **MAGISTRATE:** |

## COMPLAINT

The petition of Mario L. Powell, a resident of the full age of majority of the Parish of East Baton Rouge, who, with respect, represents:

1.

Made Defendants herein are:

A. **The City of Baton Rouge, through the Baton Rouge Police Department, a Division of the City/Parish Government of the Parish of East Baton Rouge;**

B. **Jason Acree;** a resident of the full age of majority of the State of Louisiana.

C. **Adrien Thomas,** a resident of the full age of majority of the State of Louisiana.

D. **David Burtwell,** a resident of the full age of majority of the State of Louisiana.

E. **Maurice Duke**, a resident of the full age of majority of the State of Louisiana.

## FACTS COMMON TO ONE OR MORE CLAIMS

2.

On or about August 18, 2016, Mario Powell drove to the Super Stop convenience store located at 4162 N. Foster Baton Rouge, LA 70805. Mr. Powell had just gotten off of work a few hours before that time and wanted to buy a pack of cigarettes and a soda.

3.

Mr. Powell lives only a block and ½ away from the Super Stop at 4027 Eleanor Dr. Baton Rouge, LA 70805.

4.

On this particular night, a curfew had been enacted between the hours of 10:00 p.m. and 6:00 a.m. after the historic flooding which occurred in Louisiana the weekend of August 12-14, 2017. The curfew was enacted amidst substantial controversy between the mayor of Baton Rouge, Kip Holden, and Sheriff Sid Gautreaux III.

5.

Mr. Powell arrived at the convenience store around Midnight. The store remained open for business and there were other customers inside the store.

6.

While Mr. Powell was inside the store, a brown truck with tinted windows pulled next to his vehicle in the parking lot. Mr. Powell exited the store and got back in his vehicle. Mr. Powell could not see any of the occupants in the brown truck due to the extent of the tinted windows.

7.

After Mr. Powell was back in his vehicle, the brown truck began to back out of the parking space and proceed to exit the Super Stop parking lot at one of the entrance/exits. Mr. Powell proceeded to pull behind the brown truck in order to exit out onto N. Foster to proceed home. The brown truck remained at the entrance/exit for some time without entering the roadway.

8.

With one of the entrance/exits blocked by the brown truck, Mr. Powell proceeded to the open entrance/exit in order to enter the roadway. At this time, the brown truck backed up from the other entrance/exit and got back behind Mr. Powell's vehicle.

9.

Suddenly, a white male jumped out of the brown truck in street clothes with a gun drawn while approaching Mr. Powell's vehicle. Frightened for his life, Mr. Powell drove away from the gunman proceeding down N. Foster.

10.

The gunman ran back to the brown truck and proceeded to pursue Mr. Powell. At this time, the brown truck deployed blue emergency lights and audible sirens. Only then could Mr. Powell have determined that the occupants of the brown truck were police personnel.

11.

Still flustered from the gunman encounter, Mr. Powell acknowledged the lights and sirens by waving out the window. Due to the precariousness of the situation and the close proximity to his home, Mr. Powell felt that it would be safer if he could reach his street of Eleanor Dr.

12.

Prior to reaching Eleanor Drive, several other marked police vehicles activated lights and sirens behind and in front of Mr. Powell's vehicle at which time he pulled over onto the side of Prescott Road; right before the beginning of Eleanor Dr.

13.

Once the vehicle had stopped, officers from the brown truck approached the driver's side of Mr. Powell's vehicle. Mr. Powell unlocked his car to prepare to exit when his driver's door was ripped open by Officer Jason Acree. Without any verbal communication or command, Mr. Powell was punched in the face and then dragged out the vehicle by Officer Jason Acree. Mr. Powell than received a second blow to the face from a blunt object, which he believes to be a flashlight by one of the officers, either Adrien Thomas, Maurice Duke, or David Burtwell.

14.

Mr. Powell was then taken down to the ground where he received several kicks to his sides and abdomen by all four officers.

15.

Once taken into custody, Mr. Powell was transported to the 1st District Precinct for booking. However, booking would not accept Powell in the bloody condition that he was in and made the officers take him to Our Lady of the Lake Medical Center for medical attention.

16.

Mr. Powell was diagnosed and treated for facial injuries including a broken nose and then discharged back into the custody of BRPD officers.

17.

Mr. Powell was then taken back to East Baton Rouge Parish Prison.

**COUNT ONE**
**42 USCA §1983**
**14th Amendment-Excessive Force**

18.

Made Defendants to Count One are: Jason Acree, Adrien Thomas, Maurice Duke and David Burtwell.

19.

Count One Defendants acted under the color of law to deprive Mario Powell of his clearly established rights guaranteed by the 14th Amendment to the United States Constitution.

20.

Mario Powell's physical injuries were the direct result of the Defendants' use of excessive force.

21.

The Defendants maliciously, sadistically and unnecessarily punched, bludgeoned, and kicked Mario Powell during what should have been a routine questioning of a reason to be out after curfew.

22.

On March 16, 2016, a judgment was entered against Jason Acree in the Middle District of Louisiana for violating another arrestee's constitutional rights during an arrest.

23.

The Plaintiff should be awarded punitive damages and attorney fees due to the Defendants' reckless and callous indifference to Mario Powell's constitutional rights.

24.

Due to the unlawful actions described in Count One, the Count One Defendants are liable to the Plaintiff for all available damages, including but not limited to: compensatory damages, punitive damages, prejudgment interest, attorneys fees, and all costs of these proceedings.

## COUNT TWO
### Louisiana Tort Law Claim
### Battery

25.

Made Defendants to Count Two are: the City of Baton Rouge, Jason Acree Adrien Thomas, Maurice Duke & David Burtwell.

26.

At all material times herein, Jason Acree, Adrien Thomas, Maurice Duke & David Burtwell were employees of the Baton Rouge Police Department, a division of the of the City of Baton Rouge, as such the City of Baton Rouge is liable for the torts of its employees pursuant to the doctrine of *respondeat superior*.

27.

Count Two Defendants intentionally inflicted harmful contact upon Mario Powell without lawful justification.

28.

Count Two Defendants maliciously, sadistically and unnecessarily punched, bludgeoned, and kicked Mario Powell during what should have been a routine questioning of a reason to be out after curfew.

29.

Due to the battery suffered at the hands of the Count Two Defendants, Mario Powell suffered from physical harm and mental pain and suffering, and incurred medical bills and other damages that will be proven at the trial of this matter.

**WHEREFORE**, the Plaintiff, Mario Powell, prays for a trial by jury and that, after all proceedings are had, there be a *Judgment* in his favor and against all Defendants named herein for all damages as are reasonable under the circumstances, including compensatory damages, punitive damages, interest, attorney fees, and all costs of these proceedings.

Respectfully submitted:

NEWSOM LAW FIRM, LLC
4224 Bluebonnet Blvd., Suite B
Baton Rouge, LA 70809
Telephone: 225-761-8000
Facsimile: 225-761-8200

By:   s/Amy E. Newsom
      Amy E. Newsom (30650)

**ATTORNEY FOR PLAINTIFF, MARIO POWELL**